**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Theodore John KACZYNSKI, Defendant–Appellant.**

No. 99–16531.

United States Court of Appeals, Ninth Circuit.

Aug. 17, 2001.

Before: REINHARDT, BRUNETTI, and RYMER, Circuit Judges.

## ORDER

A majority of the panel has voted to deny the petition for rehearing. Judge Reinhardt voted to grant the petition for rehearing. Judges Reinhardt and Rymer voted to deny the petition for rehearing en banc and Judge Brunetti so recommends.

The full court has been advised of the petition for rehearing en banc. An active judge called for an en banc vote, and a majority of the active judges of the court has voted to deny the petition for rehearing en banc. Fed. R. App. P. 35.

The petition for rehearing and petition for rehearing en banc are DENIED.

KOZINSKI, Circuit Judge, dissenting from the order denying the petition for rehearing en banc:

I need not address the flaws in the majority opinion; Judge Reinhardt does so eloquently in his dissent. I write to point out that this is not just a case about the sufficiency of the district court's findings; it is about the integrity of the judicial process. The opinion affirms the finding

that Kaczynski made his *Faretta* motion for purposes of delay, even though he said he was asking for no delay. Is this *1984*, or what? If a defendant tells the court he is willing to go to trial right then and there, how can the district court possibly find the opposite? After all, the district judge need not delay; he can take defendant at his word and go forward with the trial. Defendant's secret intentions and reservations—whatever they be—are of no consequence. If the district judge doubts the defendant's sanity for making that choice, he can order a competency hearing, as he did here. But having found Kaczynski competent, how can the district judge penalize him for delay that he does not seek?

It is true that Kaczynski tried to improve his situation by attempting to hire Tony Serra as substitute counsel; who in Kaczynski's position wouldn't? This just shows that Kaczynski knows his self-interest. Doubtless, he would have preferred to go to trial represented by a lawyer who would follow his instructions. But when that proved impossible—precisely because Serra needed time to prepare—Kaczynski chose to go it alone rather than with lawyers who would paint him as a kook. The opinion does not explain why Kaczynski's statement—made by a competent defendant on the record—is not binding on him.

I well understand the district judge's motives for doing what he did. *See United States v. Kaczynski*, 239 F.3d 1108, 1127–28 (9th Cir.2001) (Reinhardt, J., dissenting). But there is an important principle at stake here: whether we who administer the law will treat ordinary mortals with the candor and respect they deserve as human beings. There is, I suggest, something worse than being tried and punished for one's crimes, and that is being treated by our legal system as less than human, a thing to be manipulated, supposedly for one's own good.

I say the following with the greatest respect for all those involved in this case: Kaczynski's excellent lawyers misled him about the strategy they would pursue in his defense; over his strenuous objections that he did not want to be portrayed as a nut, they prepared a defense that would do precisely that. The compassionate and experienced district judge, too, was less than forthright in his findings, for the laudable reasons explained by Judge Reinhardt. *Id.* at 1126–27. I can say nothing about the majority opinion that Judge Reinhardt hasn't said better in his dissent. *Id.* at 1119–20, 1128. All together, these lawyers and jurists have painted Kaczynski as a manipulator, someone who asked to represent himself in order to delay the trial, rather than out of a sincere desire to put on a defense that does not portray him as mentally deranged.

A dispassionate review of the record discloses that this is just not so. Against immense odds, almost certain to be convicted, with the grim prospect of life imprisonment or death, Ted Kaczynski chose to face his accusers with dignity and the courage of his convictions. Weird and misguided though his ideas may be, Kaczynski is entitled to insist that he win or lose on the merits, rather than present to the jury what he considers to be a lie. Telling the truth may not always be the best strategy for a criminal defendant, especially a guilty one, as Kaczynski plainly is. But *Faretta* says this is ultimately his choice, not that of his lawyer, the district judge or the court of appeals. That his lawyers and the court may disagree with his strategy doesn't matter because, as the Supreme Court pointed out in *Faretta*, "[t]he defendant, and not his lawyer or the State, will bear the personal consequences of a conviction." *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). To deny him the

right to make that decision—ostensibly for his own good—may soothe our collective consciences, but it treats Kaczynski as something less than a full, adult, sane human being. It also tells criminal defendants that, *Faretta* notwithstanding, they are *not* ultimately the masters of their fates, and that clever lawyers and judges can take away what the Supreme Court said is their ultimate trump card: to personally take charge of their own defenses and present their cases as they see fit.

It may not seem like much we are sacrificing here—and the result may be an all-around pleasing one—but we unfairly diminish Kaczynski by falsely calling him a manipulator, and we diminish ourselves by acquiescing in what we know is not true. I must therefore respectfully dissent.